FILED
DAVENPORT, IOWA

01 APR 18 AM 8: 58

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

COLLEEN BIRDNOW BROWN,              )
                                    )      CIVIL NO. 3:01-CV-80030
          Plaintiff,                )
                                    )
vs.                                 )
                                    )
EMMIS COMMUNICATIONS, INC.          )      ANSWER AND AFFIRMATIVE
and LEE ENTERPRISES, INC.,          )      DEFENSES
                                    )
          Defendants.               )
                                    )
                                    )

---

Emmis Communications Corporation ("Emmis") and Lee Enterprises, Incorporated ("Lee")

(hereinafter referred to as "defendants") make the following response to the allegations contained

in plaintiff's complaint:

### Jurisdiction/Venue

1.      Defendants lack sufficient information on which to form a belief as to the truth or

falsity of the allegation in paragraph 1, and on that basis deny the same.

2.      Defendants admit the allegations contained in paragraph 2 with respect to Lee

Enterprises, Incorporated.

3.      Defendants admit that Emmis Communications Corporation, not Emmis

Communications, Inc., is an Indiana corporation with its principal place of business

in Indianapolis, Indiana.

4.      Defendants admit that the alleged amount in controversy exceeds the sum or value

of $75,000.



5.     Defendants admit that the federal district court has jurisdiction over the claims in this lawsuit.

6.     Defendants admit that venue is proper in this federal district court.

7.     Defendants admit that the purported claims arise from an employment agreement entered into in Iowa.

COUNT 1: BREACH OF CONTRACT CLAIM

8.     Defendant admits the allegations contained in paragraph 8.

9.     Defendants deny the allegations contained in paragraph 9.

10.    Defendants admit that Emmis entered into an agreement to acquire portions of Lee but deny any and all allegations contained in paragraph 10.

11.    Defendants admit that plaintiff was told on or about September 26 that she had not been selected for the position of president of the Emmis television group and that Emmis intended to terminate her employment on the closing date but deny any and all other allegations contained in paragraph 11.

12.    Defendants admit that a letter dated September 28, 2000, was sent to plaintiff confirming the conversation that plaintiff had with an Emmis representative on or about September 26 but deny any and all other allegations contained in paragraph 12.

13.    Defendants admit that on the closing date, notice, pursuant to paragraph 6 of the Employment Agreement, was personally served on plaintiff notifying her that Emmis was terminating her employment on the closing date but deny any and all other allegations contained in paragraph 13.

14.     Defendants admit that Emmis has paid plaintiff $570,000.00 in satisfaction of its obligations under the Employment Agreement.

15.     Defendants deny the allegations contained in paragraph 15.

16.     Defendants deny the allegations contained in paragraph 16.

17.     Defendants admit that Emmis and Lee have reached an indemnification agreement but deny that plaintiff is currently owed any monies pursuant to the Employment Agreement.

18.     Defendants deny the allegations contained in paragraph 18.

19.     Defendants admit that the Employment Agreement contains an attorneys fees clause but deny that it is enforceable as written under Iowa law, Iowa Code section 625.22.

WHEREFORE, defendants request that judgment be entered on Count I in defendants' favor and that all costs be taxed to plaintiff and for any further relief which the court deems appropriate.

### COUNT 2: IOWA WAGE PAYMENT COLLECTION ACT CLAIM

20.     Defendants deny the allegations contained in paragraph 20.

21.     Defendants deny the allegations contained in paragraph 21.

WHEREFORE, defendants request that judgment be entered on Count II in defendants' favor and that all costs be taxed to plaintiff and for any further relief which the court deems appropriate.

### AFFIRMATIVE DEFENSES

Defendants state the following affirmative defenses:

1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.     Plaintiff's attorneys' fees claim is unenforceable as written pursuant to Iowa Code section 625.22.

HELEN C. ADAMS
OF
DICKINSON, MACKAMAN, TYLER & HAGEN, P.C.
1600 Hub Tower, 699 Walnut Street
Des Moines, Iowa  50309-3986
Telephone:  (515) 244-2600
FAX:  (515) 246-4550
HADAMS@DICKINSONLAW.COM

ATTORNEYS FOR DEFENDANTS

F:\HADAMS\WP\Emmis-Brown-Answer.wpd

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the document attached to this Certificate was mailed to the persons listed below at the addresses indicated, stamped with the appropriate postage for ordinary mail and deposited on the _17th_ day of _April_, 2001, in a United States Post Office mail receptacle, in Des Moines, Iowa.

Roger T. Stetson
Matthew T. Cronin
Belin, Lamson, McCormick, Zumbach, Flynn, P.C.
The Financial Center
666 Walnut Street, Suite 2000
Des Moines, IA 50309-3989

_Evie Worth_

F:\HADAMS\WP\Emmis-Brown-Answer.wpd