IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| COLLEEN BROWN, | ) | |
| Plaintiff, | ) | No. 3-01-CV-80030 |
| vs. | ) | Order |
| EMMIS COMMUNICATION INC. and LEE ENTERPRISES, | ) ) | |
| Defendants. | ) | |

The court now schedules this case for a jury trial at 9:00 a.m. on September 9, 2002, or as soon thereafter as this case can be reached for trial at the United States Courthouse in Davenport, Iowa. The presiding judge may be the undersigned, who will then be a senior judge, or another judge of this court.

Magistrate Judge Celeste F. Bremer will conduct a final pretrial conference by telephone conference call at 11:30 a.m. on August 28, 2002, Plaintiff shall place the call to Magistrate Judge Bremer and opposing counsel. Prior to that date, the parties shall comply with the attached notice of final pretrial conference.

IT IS SO ORDERED.
Dated this 25th day of July, 2001.

*[signature]*
CHARLES R. WOLLE, JUDGE
UNITED STATES DISTRICT COURT

# NOTICE OF FINAL PRETRIAL CONFERENCE

Pursuant to Fed. R. Civ. P. 16 and Local Rule 16(b) and (d),

**IT IS ORDERED**

1. Counsel shall meet with a United States Magistrate Judge in accordance with the attached schedule for the purpose of holding a final pretrial conference.

2. Prior to said conference, counsel for all parties shall meet, prepare and sign a proposed Order in the form attached. An original plus one copy shall be submitted to the Magistrate Judge at the final pretrial conference.

3. In all jury cases, counsel shall submit trial briefs, written requests for jury instructions and voir dire questions at the final pretrial conference. The parties shall include with the jury instructions a proposed statement of the case. In non-jury cases, trial briefs must be submitted. Copies of the foregoing shall be served on opposing counsel and filed with the Clerk prior to the final pretrial conference.

4. Motions in limine must be served on opposing counsel and filed with the Clerk prior to the final pretrial conference.

5. Unless requested within ten days from the date of this Order, no continuance will be granted except upon written motion and good cause shown.

6. Appropriate sanctions under Fed. R. Civ. P. 16(f) will be imposed for violations of this Order or Local Rule 16(b) and (d).

CELESTE F. BREMER
CHIEF UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF IOWA
_____ DISTRICT

[INSERT PARTIES AND CASE NUMBER]

PROPOSED ORDER ON
FINAL PRETRIAL
CONFERENCE

A Final Pretrial Conference was held in the above-captioned matter pursuant to Fed.R.Civ.P. 16 on _____.

The following counsel, who will try the case, appeared at the conference:

1. For plaintiff(s):
   Name(s)
   Street Number, Street Name and/or Box Number
   City, State, and Zip Code
   Phone Number (give Area Code)

2. For defendant(s):
   Name(s)
   Street Number, Street Name and/or Box Number
   City, State, and Zip Code
   Phone Number (give Area Code)

Accordingly, IT IS ORDERED:

I. THE PARTIES AGREE THAT THE FOLLOWING FACTS ARE TRUE AND UNDISPUTED:

   A.
   B.

[Note: The parties should set out in full all material facts to which there is no dispute. Special consideration should be given to such things, where relevant, as life and work expectancy, medical and hospital bills, funeral expenses, cause of death, lost wages, and property damage. Parties should stipulate any undisputed fact even if the legal relevance of the stipulated fact is questioned by one or more party. In such instances, the stipulated fact should be followed by an identification of the objecting party and the objection (i.e. "Plaintiff objects to relevance.").]

II. EXHIBITS:

A. The parties agree that the following exhibits shall be considered to be already in evidence at the trial without further offer, proof, or objection. Specifically, the parties agree that both plaintiff(s) and defendant(s) exhibits listed under this portion (Paragraph II, A) of the Proposed Order on Final Pretrial Conference are in evidence at the commencement of the trial and available for use by any party at any stage of the trial.

   1. Plaintiff(s) Exhibits:

      1. [describe exhibit]
      2. [describe exhibit]
      3. [describe exhibit]

   2. Defendant(s) Exhibits:

      A. [describe exhibit]
      B. [describe exhibit]
      C. [describe exhibit]

B. Parties want to introduce into evidence the following exhibits to which all foundation, identification, and authenticity objections are waived but to which an opposing party objects on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes that the exhibit is otherwise admissible.

   1. Plaintiff(s) Exhibits:

      4. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
      5. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
      6. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]

3

2. Defendant(s) Exhibits:

D. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
E. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
F. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]

C. Parties want to introduce into evidence the following exhibits to which an opposing party will object on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes the exhibit is otherwise admissible.

1. Plaintiff(s) Exhibits:

7. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
8. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
9. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]

2. Defendant(s) Exhibits:

G. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
H. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]
I. [describe the exhibit, state the purpose for which it is offered, and the objection thereto]

[Note: Any exhibits not properly listed in the Proposed Order on Final Pretrial Conference will be subject to exclusion at trial and any objection not indicated will be deemed waived unless this order is modified prior to trial to prevent manifest injustice. All exhibits shall be made available to opposing counsel for inspection sufficiently prior to the Final Pretrial Conference to permit objections to be noted in the proposed order. Failure to provide exhibits for inspection shall constitute a valid ground for objection at trial and should be noted in the proposed order.]

III. WITNESSES:

   A. Plaintiff(s) Witnesses (list witnesses, addresses and substance of testimony):

      1.
      2.

   B. Defendant(s) Witnesses (list witnesses, addresses and substance of testimony):

      1.
      2.

   C. A party listing a witness guarantees his/her presence at trial unless the court and opposing counsel are notified to the contrary at least seven (7) days prior to trial. All parties are free to call any witness listed by the opposing party whether they have listed them or not.

   D. A witness testifying by deposition must be listed with a designation that the testimony will be by deposition.

IV. FACTUAL ISSUES:

   A. Plaintiff(s) Factual Issues:

      1.
      2.

   B. Defendant(s) Factual Issues:

      1.
      2.

[Note: Each party should list all views of the major disputes which are involved in the case.]

V. LEGAL CONTENTIONS:

   A. Plaintiff(s) Legal Contentions:

      1.
      2.

   B. Defendant(s) Legal Contentions:

     1.
     2.

[Note: Each party should set forth all theories of recovery or defense, including specifications of fault which will be raised at trial. The elements of each theory of recovery and the elements of damages sought must be included.]

 VI. LEGAL ISSUES:

   A. Plaintiff(s) Legal Issues:

     1.
     2.

   B. Defendant(s) Legal Issues:

     1.
     2.

[Note: The parties should set forth any legal questions which are likely to arise at trial. This should include such things as:

A legal dispute as to the elements of plaintiff's cause of action or whether recovery is barred as a matter of law by a particular defense;

Whether, as a matter of law, a particular defense would apply;

Any legal dispute as to the measure, elements, or recovery of damage claimed by plaintiff;

Any unusual evidentiary questions which are likely to arise at trial; and

Whether the Statue of Frauds or the Parol Evidence Rule will be raised; etc.]